UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,                                        Crim. No. 09-55(5) (PAM)

              Plaintiff,

v.                                                               **MEMORANDUM AND ORDER**

Earl David Bowser,

              Defendant.

_____

This matter is before the Court on Defendant Earl David Bowser's Motion to reduce his sentence under the First Step Act. The Government opposes the Motion. For the following reasons, the Motion is denied.

**BACKGROUND**

In September 2009, Bowser pleaded guilty to conspiracy to distribute five or more grams of crack cocaine. (Docket No. 234.) This resulted in a guidelines sentencing range of 188 to 235 months' imprisonment, because Bowser was a career offender. In January 2010, Judge Richard H. Kyle varied downward from the guidelines and imposed a sentence of 120 months' imprisonment, followed by five years' supervised release. (Docket No. 302.)

After almost nine years in prison, Bowser was released in January 2018. On April 6, 2018, he was terminated from his halfway house for smoking synthetic marijuana. (Docket No. 439.) He was initially detained and then released to another halfway house. (Docket No. 448.) In June 2018, after Bowser was again caught smoking synthetic marijuana, he absconded from a halfway house, and was arrested. (Docket Nos. 463, 471.)

The Court revoked his supervised release and sentenced him to a year and a day in prison, followed by four years' supervised release. (Docket Nos. 470, 476.) He was released from prison in June 2019, absconded from a halfway house in July, and was arrested on September 8. (Docket No. 482.) On September 24, 2019, the Court imposed a sentence of a year and a day with no supervised release to follow for Bowser's repeated violations of his supervised-release conditions. (Docket No. 486.)

Bowser now asks for counsel to be appointed to bring a First Step Act Motion. Because Bowser is not entitled to relief under the First Step Act, the Court will not appoint counsel and will instead construe the Motion as a Motion for a reduced sentence under § 404 of the First Step Act.

**DISCUSSION**

In 2010, Congress enacted the Fair Sentencing Act, which reduced the disparity between crack and powder cocaine in sentencing by increasing the threshold amounts required to trigger mandatory-minimum sentences for crack-cocaine offenses. Relevant here, the Act increased the amount of crack cocaine needed to trigger a five-year mandatory minimum sentence from 5 to 28 grams. See 21 U.S.C. § 841(b)(1)(B)(iii). The Fair Sentencing Act became effective on August 3, 2010, but Congress did not give it retroactive effect. See United States v. Orr, 636 F.3d 944, 958 (8th Cir. 2011).

Section 404 of the First Step Act makes the provisions of the Fair Sentencing Act retroactive to defendants who were sentenced before August 3, 2010, and gives the District Court discretion to reduce a defendant's sentence as if the Fair Sentencing Act was in effect at the time of the offense.

In order to be eligible for a sentence reduction under the First Step Act, the offense of conviction must be a "covered offense," which is defined as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . that was committed before August 3, 2010." First Step Act § 404(a). The Government acknowledges that Bowser was convicted of a covered offense in 2010, as he was held responsible for 8.4 grams of crack cocaine. See 21 U.S.C. § 841(b)(1)(c).

Under the Fair Sentencing Act, Bowser is no longer subject to a mandatory-minimum term of imprisonment, and his maximum term of imprisonment is now 20 years instead of 40 years. U.S.S.G. § 4B1.1(b). The adjustment to Bowser's statutory penalties also reduces his guideline range. Under U.S.S.G. § 4B1.1(3), the offense level for a career offender convicted of an offense carrying a statutory maximum of 20 years is 32. After applying a three-level decrease for acceptance of responsibility, Bowser now has a total offense level of 29 and an unchanged criminal history category VI, which results in a lower guideline range of 151 to 188 months. His supervised-release range decreases from 4 years to life to 3 years to life.

The First Step Act does not mandate sentence reductions for eligible defendants. The decision whether to apply the First Step Act and, if so, the amount of the sentence reduction rests entirely with this Court. First Step Act § 404(b), 132 Stat. 5194 (stating that a court "may" impose a reduced sentence). Defendants serving a term of supervised release or imprisonment based on revocation of supervised release are eligible for a § 404 sentence reduction, if the original offense of conviction was a covered offense under the

FSA because "postrevocation penalties relate to the original offense."  Johnson v. United States, 529 U.S. 694, 701 (2000).  Yet, "[w]hile supervised release is imposed as part of the original sentence, any incarceration ensuing from the revocation of supervised release is generally based on new conduct, and is wholly derived from a different source, and has different objectives altogether; it is therefore a different beast."  Racine v. Fed. Bureau of Prisons, No. 07cv1834, 2007 WL 1585154, at *5 (D.N.J. May 31, 2007)  (quotation omitted).

Bowser argues that the Court should apply § 404 of the First Step Act, which permits retroactive reduction of crack-cocaine sentences imposed before the Fair Sentencing Act of 2010.  Liberally construing Bowser's two-page pro se motion, he argues that he has good-time 'banked' time from serving his original sentence, and that time should now be applied to his supervised-release violation sentence.

The Government opposes Bowser's Motion, first arguing that if he is eligible for such a reduction, he should have raised that issue during his final-revocation hearing in September 2019.  And if Bowser did raise it, and the Court declined to grant the reduction, he cannot now ask for another reduction.  Without any evidence that Bowser raised this argument at the hearing (Gov't Opp'n Mem. (Docket No. 491) at 7), the Court declines to deny his Motion on this basis.

The Government next argues that Bowser completed his original sentence before the Fair Sentencing Act was enacted.  Additionally, he was sentenced for his current offense of imprisonment approximately nine months after the First Step Act was enacted and the guideline range for Bowser's current sentence has not changed since that time.

The Court agrees with the Government that a reduction in Bowser's current revocation sentence is not appropriate. Indeed, the sentencing guidelines applicable to Bowser's conduct have not changed since September 2019, when his current sentence was imposed. Moreover, Bowser's original sentence of 120 months' imprisonment was below even today's guideline range for the offense. Thus, he did not accumulate 'banked' time in custody to put toward his current sentence. Given Bowser's repeated supervised-release violations related to substance abuse and absconding from halfway houses, application of a sentencing reduction under the First Step Act is not warranted. See 18 U.S.C. § 3553(a).

Defendant is not entitled to relief under the First Step Act. Accordingly, **IT IS HEREBY ORDERED that** Defendant's Motion to Reduce Sentence (Docket No. 489) is **DENIED**.

Dated: May 5, 2020         *s/ Paul A. Magnuson*
                           Paul A. Magnuson
                           United States District Court Judge